# AFFIDAVIT OF SPECIAL AGENT CHRISTINA ROSEN IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Christina Rosen, having been duly sworn, do hereby depose and state as follows:

## Agent Background

1.  I am employed as a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Investigations ("DOL-OIG-OI") in Boston, Massachusetts. I have been employed by the United States government as a Special Agent since October 2007. I am a graduate of the Criminal Investigator Training Program of the Federal Law Enforcement Training Center in Glynco, Georgia, and I have received extensive training in criminal investigation procedures and criminal law. In 2005, I graduated from Northeastern University with a Bachelor's degree in Criminal Justice. In 2006, I graduated from Boston University with a Master's degree in Criminal Justice. My responsibilities as a Special Agent with DOL-OIG-OI include investigating fraud, waste, and abuse of Department of Labor programs, employees, and departments. During my tenure as a Special Agent, I have conducted investigations of several types of criminal activity including work visa fraud, unemployment insurance fraud, false claims fraud, employee benefits fraud, identity theft and money laundering. During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized evidence as evidence, fruit, or instrumentalities of violations of federal law.

2.  I am also a member of Homeland Security Investigation's ("HSI") Document and Benefit Fraud Task Force ("DBFTF"), a specialized field investigative group comprised of personnel from various state, local, and federal agencies with expertise in detecting, deterring and disrupting organizations and individuals involved in various types of document, identity and benefit fraud schemes. DBFTF is currently investigating suspected aliens who are believed to have obtained stolen identities of United States citizens living in Puerto Rico and used those

identities to obtain public benefits which they would not otherwise be eligible to receive, including Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") funded unemployment benefits, Massachusetts Registry of Motor Vehicles identity documents, Social Security numbers, Medicaid, and public housing. Among other things, a comparison of public benefits records revealed numerous identities who received public benefits in Puerto Rico and Massachusetts on or about the same date.

## Purpose of Affidavit

3. I submit this affidavit in support of an application for a warrant to search the residence of John DOE at 243 Tremont Street, Apartment 2, Fall River, Massachusetts ("SUBJECT PREMISES"), as described in Attachment A, because there is probable cause to believe that it contains evidence, fruits, and instrumentalities of False Representation of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), and Theft of Government Funds, in violation of 18 U.S.C. § 641 ("the Target Offenses"), as described more fully in Attachment B.

4. As set forth in more detail below, there is evidence that John DOE unlawfully used the name and Social Security number ("SSN") of a real person to obtain an official government identification document and to obtain federally-funded health benefits.

5. This affidavit is based on my personal knowledge, information provided to me by other law enforcement officers and federal agents, and my review of records described herein. This affidavit is not intended to set forth all of the information that I have learned during this investigation, but includes only the information necessary to establish probable cause for the requested search warrant.

**Probable Cause**

**CARES Act Unemployment Application**

6.      On March 27, 2020, the CARES Act was signed into law. The CARES Act created a new temporary federal program unemployment insurance program called Pandemic Unemployment Assistance ("PUA"). PUA provides unemployment insurance ("UI") benefits to individuals who are not eligible for other types of unemployment (e.g., self-employed, independent contractors, gig economy workers). PUA provides unemployment payments for unemployment beginning on or after January 27, 2020, and ending before December 31, 2020, for a maximum payment of 39 weeks.

7.      The Commonwealth of Massachusetts, Department of Unemployment Assistance ("DUA"), administers and manages the PUA program in the Commonwealth of Massachusetts. In Massachusetts, the PUA minimum weekly benefit allowance is $267. The PUA weekly benefit allowance can increase, but may not be more than Massachusetts' maximum weekly benefit rate for regular unemployment benefits of $823.00.

8.      The CARES Act also created a new temporary federal program called Federal Pandemic Unemployment Assistance ("FPUC") that provides an additional $600 weekly benefit to those eligible for PUA and regular UI. The current CARES Act ended FPUC benefit payments for the last week of unemployment on July 31, 2020.

9.      One of the eligibility requirements for PUA is to be legally present in the United States and legally allowed to work. If a PUA claimant is not a United States Citizen, the claimant must provide a Department of Homeland Security ("DHS") number associated with their immigration visa and/or work authorization.

10. As part of the PUA application process, the claimant must provide their first and last name, SSN, date of birth, and a home address. In addition, the claimant must select their preferred payment method: direct deposit or debit card.

11. On or about May 7, 2020, a PUA claim was submitted for B.L.C. with a date of birth of xx/xx/1959, SSN xxx-xx-7681, and mailing address of 243 Tremont Street, Apartment 2, Fall River, Massachusetts.[1] At the creation of the PUA claim account, B.L.C. stated that his/her employment was first affected by COVID-19 on March 10, 2020. B.L.C. claimed he/she was forced to quit his/her self-employed job due to COVID-19, had $15,000 in reported income in 2019, had been available to work since his/her employment was affected, had no earnings since March 10, 2020, and is a United States Citizen.

12. On or about May 7, 2020, B.L.C. requested unemployment monies for the week ending March 14, 2020, to the week ending May 7, 2020.[2] On or about May 15, 2020, one additional claim for benefits was filed for the week ending May 9, 2020. Based on these requests, a total of $6,003 ($2,403 in PUA monies and $3,600 in FPUC monies) was paid on the B.L.C. PUA account.

13. According to DUA, B.L.C.'s claim account listed a preference for the unemployment monies to be directly deposited into Metabank account # xxxxxxxxxx3478.

14. On or about May 18, 2020, DUA identified a suspected identity issue on B.L.C.'s PUA claim. As such, on or about June 3, 2020, an Identity Verification request letter was sent

---

[1] The identity of the victim, B.L.C.A. is known to the Government. These initials represent the victim's first name, middle name, paternal last name, and maternal last name. In order to protect the victim's privacy, only the initials "B.L.C", "B.L.C.A", and "B.C." are used in this affidavit to reflect the variations of the victim's full name that were used by John DOE.

[2] The Massachusetts DUA PUA system allows claimants to file for benefits starting from the date they were first affected by the pandemic, regardless of when the claim account was initiated.

4

by DUA to B.L.C. electronically via the PUA portal. According to this letter, B.L.C. needed to provide verification of identity before June 17, 2020, in order to continue receiving PUA benefits.

15. On or about June 16, 2020, DUA sent a letter electronically via the PUA portal to B.L.C. informing him/her that he/she failed to provide the requested identity verification to DUA. Based on this determination, DUA denied B.L.C.'s PUA claim, which invalidated the entire claim. On or about October 5, 2020, B.L.C. requested an appeals hearing of DUA's denial. On or about October 14, 2020, DUA dismissed the appeal because B.L.C. failed to appear for the appeals hearing.

16. Based on this determination, DUA denied B.L.C.'s claim and did not release any additional monies on this claim.

## RMV Application

17. On or about September 30, 2014, an individual appeared in person at the Massachusetts Registry of Motor Vehicles ("RMV") office located in Fall River, and submitted an application for a Massachusetts Identification Card. The applicant represented on the application that he was a person whose initials were B.L.C. He further represented that his SSN was xxx-xx-7681 and listed a mailing address of 243 Tremont St 2, Fall River, 02720. The RMV took a photograph of the applicant on April 12, 2010, and that photograph is stored in the RMV's computer database.[3] The individual purporting to be B.L.C. signed the September 30, 2014, application under penalty of perjury. As a result of that application, the RMV issued the person purporting to be B.L.C. Massachusetts Identification Card number Sxxxx3505.

---

[3] This photograph was taken in conjunction with a previous application for a Driver's License by John DOE as B.L.C.

5

### Other Use of Victim's Identity

18. Medicaid is a joint federal-state program that provides health coverage to certain categories of people, including eligible low-income adults, children, pregnant women, elderly adults, and people with disabilities. Medicaid is administered by the states, according to federal requirements, and is funded jointly by states and the federal government. MassHealth is the Medicaid Program in Massachusetts.

19. According to MassHealth records, between November 2011 and December 2016, MassHealth received documents related to the application for, and receipt of, MassHealth benefits in the name of B.C. On or about November 18, 2011, documents submitted to MassHealth included a copy of a Massachusetts Driver's License bearing the number Sxxxx3505 in the name of B.L.C., a Social Security card bearing the name B.L.C. and SSN xxx-xx-7681, and a Puerto Rico Certification of Birth for B.L.C.A. Documents received by MassHealth on or about October 16, 2014, include a MassHealth card bearing the name B.C. and number xxxxxxxx1292, and a Verizon Wireless bill bearing the name B.C. and an address of 243 Tremont St., Apt 2ND, Fall River, MA.

### Confirmation of a Valid Social Security Number

20. The Social Security Administration ("SSA"), Office of Inspector General ("OIG") has confirmed that SSN xxx-xx-7681 is a valid number that was assigned to B.C.

### Identification of the True B.L.C.

21. The Department of Homeland Security conducted a search of the Driver and Vehicle Information Database ("DAVID"), which includes driver's licenses and identification cards issued in Puerto Rico, for licenses issued in the name of B.C. The search revealed that Puerto Rico Driver's License number xxx1619 was issued to an individual in the name B.L.C.A.,

with a date of birth of xx/xx/1959, a SSN of xxx-xx-7681, and an address in Puerto Rico. The Driver's License included a photograph of B.L.C.A.

22. On or about July 16, 2014, B.L.C.A. applied for a U.S. Passport utilizing SSN xxx-xx-7681, and a date of birth of xx/xx/1959. In support of this application, B.L.C.A. submitted copies of a Comisión Estatal de Elecciones de Puerto Rico card in the name of B.C.A. and a Puerto Rico Driver's License, bearing number xx1619, in the name of B.L.C.A. The application also contained a passport photograph.

23. I have compared the photograph associated with the B.L.C. Massachusetts Driver's License to the photographs associated with the B.L.C.A. Puerto Rico Driver's License and the B.L.C.A. U.S. Passport application. I conclude that the photograph associated with the B.L.C. Massachusetts Driver's License does not appear to depict the same person in the photographs associated with the B.L.C.A. Puerto Rico Driver's License and the B.L.C.A. U.S. Passport.

## Search for Identification Documents

24. As stated in paragraphs 11, 17, and 19 above, John DOE listed an address of 243 Tremont Street, #2, Fall River, Massachusetts on his May 7, 2020, application for PUA benefits, on his September 30, 2014, application for a Massachusetts Identification Card, and on the supporting documents received by MassHealth on October 16, 2014.

25. On October 1, 2020, agents conducted surveillance in the area of 243 Tremont Street, #2, Fall River, Massachusetts. At approximately 3:30 p.m., agents saw an individual matching the April 12, 2010, RMV photograph of B.L.C. exit a vehicle and walk to the rear of 243-245 Tremont Street.

26. On the same day, at approximately 6:02 p.m., agents proceeded to the front door

of 243 Tremont Street. Three mailboxes are located to the left of the front door. Directly above one of the mailboxes is a label with the name B.C.

27. At approximately 6:09 p.m., agents proceeded to the second floor of 243 Tremont Street and knocked on the door. A man matching the April 12, 2010, RMV photograph of B.L.C. answered the door. Under the guise of a ruse, agents proceeded to speak with the man. During this encounter, the man stated that he resides in the apartment with his daughter, he has lived there for seven years, and he identified himself as B.C.

28. I know, based on my training and experience, that:

  a. All individuals, criminals and otherwise, often retain identification documents, including but not limited to birth certificates, passports, and proof of citizenship, in their residences for safekeeping.

  b. It is common for those who use other persons' identities without authorization to conceal fraudulently obtained identification documents in secure locations within their residence to conceal them from law enforcement authorities and to allow for easy access and use when necessary; and,

  c. It is common for individuals who use fraudulently obtained identification documents to retain those documents for substantial periods of time so that they can continue to use the fraudulently obtained identities as needed.

## Conclusion

29. Based on the foregoing, I have probable cause to believe that John DOE has violated 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 641.

30.     Based on the information described above, I also have probable cause to believe that evidence, fruits, and instrumentalities of the Target Offenses, as described in Attachment B, are contained within the premises described in Attachment A.

Sworn to under the pains and penalties of perjury.

/s/ Christina Rosen
_____
CHRISTINA ROSEN
Special Agent
U.S. Department of Labor-OIG
Office of Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on October __20__, 2020.

_____
HONORABLE M. PAGE KELLEY
Chief United States Magistrate Judge

## ATTACHMENT A

### Premises To Be Searched (SUBJECT PREMISES)

The location to be searched is 243 Tremont Street, Apartment 2, Fall River, Massachusetts. SUBJECT PREMISES is a multi-unit condominium building located on Tremont Street. SUBJECT PREMISES is a grey, vinyl sided, three-floor building. The front door of SUBJECT PREMISES faces the back of 235 Tremont Street. The front door of SUBJECT PREMISES is black and is located up a set of concrete stairs. Directly to the left of the front door are three mailboxes. The SUBJECT PREMISES is attached to 245 Tremont Street.




# ATTACHMENT B

## Evidence to Be Searched for and Seized

Evidence, fruits, and instrumentalities of violations of 42 U.S.C. § 408(a)(7)(B) or 18 U.S.C. § 641, including but not limited to:

1. The following records, documents, and items referencing the individual known to agents with the initials "B.L.C.," "B.L.C.A.," and "B.C." who has the SSN xxx-xx-7681 and date of birth xx/xx/1959:

    a. Any and all state-issued or apparently state-issued identification documents, notes, statements, and/or receipts that reference same;

    b. Any and all immigration documents, including but not limited to United States or foreign issued (or apparently issued) passports and identification cards;

    c. Any and all documents identifying citizenship, including but not limited to birth certificates, voter registration cards, cedulas, and social security cards.

    d. Any and all documents relating to foreign or domestic travel, including tickets, schedules, itineraries, or receipts.

    e. Any and all employment records, bank records, credit card records, tax records, marriage records, divorce records, baptismal or confirmation records, land/property/residential rental records, school records, health records, and insurance records.

2. Records and tangible objects evidencing the true identity of the person who applied for or received benefits or identification materials under the individual known to agents with the initials "B.L.C.," "B.L.C.A.," and "B.C." who has the SSN xxx-xx-

7681 and date of birth xx/xx/1959, including but not limited to state-issued identification documents, citizenship or immigration documents, birth or marriage certificates, travel records, family records, and correspondence.

3. Records and tangible objects relating to or evidencing the ownership, occupancy, or use of the premises to be searched (such as utility bills, phone bills, bank statements, rent payments, insurance documentation, receipts, check registers, and correspondence).

4. Any and all documents relating to Pandemic Unemployment Assistance or other unemployment-related benefits.

5. Any and all documents and correspondence from the Commonwealth of Massachusetts, Department of Unemployment Assistance.

6. Any and all documents relating to MassHealth coverage.

7. Any and all documents, credit cards, and/or debit cards from Metabank to include, but not limited to, documents and financial instruments relating to bank account #xxxxxxxxxx3478.